No. 72–1296. Carlson et al. *v.* Minnesota. Sup. Ct. Minn. Certiorari granted, judgment vacated, and

case remanded for further consideration in light of *Miller v. California,* 413 U. S. 15 (1973); *Paris Adult Theatre I v. Slaton,* 413 U. S. 49 (1973); *Kaplan v. California,* 413 U. S. 115 (1973); *United States v. 12 200-Ft. Reels of Film,* 413 U. S. 123 (1973); *United States v. Orito,* 413 U. S. 139 (1973); *Heller v. New York,* 413 U. S. 483 (1973); *Roaden v. Kentucky,* 413 U. S. 496 (1973); and *Alexander v. Virginia,* 413 U. S. 836 (1973).

MR. JUSTICE DOUGLAS, dissenting.

Petitioners in this case were convicted of selling obscene books and distributing obscene motion pictures in violation of a local ordinance. They argue that, in the absence of evidence of pandering, selling to minors, or the affronting of unwilling recipients, their convictions are violative of the First and Fourteenth Amendments. In support of the convictions, respondent relies on *United States v. Reidel,* 402 U. S. 351, and *United States v. Thirty-seven Photographs,* 402 U. S. 363.

In *Stanley v. Georgia,* 394 U. S. 557, this Court laid to rest the notion that a State may, consistent with the First Amendment, enforce an approved reading list delineating what materials the citizenry will be allowed privately to peruse. Wholly aside from my own views on what the Constitution demands with respect to obscenity regulation, I fail to comprehend how the right to possession enunciated in *Stanley* has any meaning when States are allowed to outlaw the commercial transactions which give rise to such possession and to prosecute any merchant who attempts to sell materials to all the Stanleys in this country. I would therefore grant this petition and reverse the convictions on the basis of *Stanley v. Georgia, supra.*

Mr. Justice Brennan, with whom Mr. Justice Stewart and Mr. Justice Marshall join, dissenting.

Petitioners were convicted on charges of selling allegedly obscene books and displaying allegedly obscene motion pictures in violation of St. Paul Legislative Code § 476.01, which provides as follows:

> "Any person who shall knowingly exhibit, sell or offer to sell any obscene, lewd, lascivious or filthy book, pamphlet, picture, motion picture, film, paper, letter, writing, print or other matter of indecent character shall be guilty of a misdemeanor."

It is my view that, "at least in the absence of distribution to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (Brennan, J., dissenting). It is clear that, tested by that constitutional standard, § 476.01 is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment of the Minnesota Supreme Court, and remand for further proceedings not inconsistent with my *Paris Adult Theatre I* dissent.