## STATE v. ROBERT O. CARLSON.
## STATE v. RUSSELL A. HOELSCHER.

216 N. W. 2d 650.

March 1, 1974—Nos. 43238, 43239, 43242.

PER CURIAM.

Defendants Robert O. Carlson and Russell A. Hoelscher were convicted of selling obscene books and displaying obscene movie films in violation of the obscenity ordinance of the City of St. Paul, St. Paul Legislative Code, § 476.01. The cases were consolidated on appeal and affirmed in State v. Carlson, 294 Minn. 433, 202 N. W. 2d 640 (1972). The United States Supreme Court, granting a petition for writ of certiorari, Carlson v. Minnesota,

414 U. S. 953, 94 S. Ct. 263, 38 L. ed. 2d 206 (1973), vacated the judgments and remanded to this court for further consideration in light of Miller v. California, 413 U. S. 15, 93 S. Ct. 2607, 37 L. ed. 2d 419 (1973); Paris Adult Theatre I v. Slaton, 413 U. S. 49, 93 S. Ct. 2628, 37 L. ed. 2d 446 (1973); Kaplan v. California, 413 U. S. 115, 93 S. Ct. 2680, 37 L. ed. 2d 492 (1973); United States v. 12 200 Ft. Reels of Super 8MM. Film, 413 U. S. 123, 93 S. Ct. 2665, 37 L. ed. 2d 500 (1973); United States v. Orito, 413 U. S. 139, 93 S. Ct. 2674, 37 L. ed. 2d 513 (1973); Heller v. New York, 413 U. S. 483, 93 S. Ct. 2789, 37 L. ed. 2d 745 (1973); Roaden v. Kentucky, 413 U. S. 496, 93 S. Ct. 2796, 37 L. ed. 2d 757 (1973); and Alexander v. Virginia, 413 U. S. 836, 93 S. Ct. 2803, 37 L. ed. 2d 993 (1973).

State v. Welke, 298 Minn. 402, 216 N. W. 2d 641 (1974), fully considers the issues of authoritative construction of an obscenity ordinance in the constitutional framework of Miller v. California, *supra,* and its companion cases. By this reference, we respond to the United States Supreme Court's directive for such further consideration in these cases.

The obscene publications involved in the convictions affirmed in State v. Carlson, *supra,* consisted of booklets, without textual material, picturing couples and groups of nude men and women engaged in actual and explicit sexual activity, and an untitled movie film graphically portraying a man and a woman in explicit sexual contact short of actual intercourse or sodomy. Under our pre-Miller decision, those elements were defined as hard-core pornography and obscene, which under the jury's findings were violative of the obscenity ordinance. Although there are respected post-Miller authorities cited in Welke, footnote 5, which argue in support of reaffirming the judgment we in Carlson had affirmed, we prefer to err, if at all, on the side of that fair notice vouchsafed in Welke. The state's interest is, in our view, sufficiently served by the clear notice of authoritative construction made in Welke without burdening the state and the defendants with the uncertainties and expense of reappeals to the United

States Supreme Court concerning its application to conduct antecedent to Welke.

Reversed, with directions to dismiss the complaints.

OTIS, JUSTICE (concurring specially).

I concur in the result but dissent from the remainder of the opinion for the reasons I have stated in my specially concurring opinion in Welke.

MR. CHIEF JUSTICE SHERAN, not having been a member of this court at the time of the submission, took no part in the consideration or decision of this case.